Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Telephone: (516) 303-0552

United States District Court
Southern District of New York                        1:20-cv-06259

| | |
|---|---|
| Donna James, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Hostess Brands, LLC, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Hostess Brands, LLC  ("defendant") manufactures, distributes, markets, labels and sells carrot cake donuts under its Hostess brand ("Product").

2.      The Product is available to consumers from retail and online stores of third-parties and is sold in packages of 3 and 6 donuts.

3.      The relevant front label representations include "Hostess," "Carrot Cake," orange color patterns associated with carrots and pictures of the Product.





4.      The representations are misleading because the Product contains less carrots than consumers expect and contains no real carrots.

5.      According to historians of food, "carrot cake originated from such carrot puddings eaten by Europeans in the Middle Ages, when sugar and sweeteners were expensive and many

2

people used carrots as a substitute for sugar."[1]

6.     Carrots are an essential element of carrot cake and are mixed into the batter of the cake.

7.     Carrot cake can be shaped in any form which maintains its soft consistency, like donuts.

8.     According to recent food industry reports, "Food companies are dropping artificial flavors, coloring, preservatives and other additives with scary names and focusing more on natural, wholesome and fresh ingredients."[2]

9.     Across the food and beverage industry, consumers are seeking products which obtain their flavor from their characterizing food ingredients, i.e., strawberry shortcake which contains sufficient strawberries to provide flavor to the food or flavor obtained from the characterizing food ingredient, i.e., strawberry flavor from strawberries as opposed to strawberry flavor synthesized from cherries.[3]

10.     Nielsen has reported that 62% of consumers say they try to avoid artificial flavors.[4]

11.     New Hope Network concluded that "71% of consumers today are avoiding artificial flavors."[5]

12.     Label Insight determined that 76% of consumers avoid artificial flavors.[6]

13.     The front label represents the Product as "carrot cake donettes" (mini-donuts).

14.     The label represents to consumers that this food's primary recognizable flavor is

[1] Wikipedia contributors, "Carrot cake," *Wikipedia, The Free Encyclopedia*.
[2] Jeff Daniels, Why your favorite foods may be getting new recipes, CNBC, September 19, 2016
[3] David Andrews, Synthetic ingredients in Natural Flavors and Natural Flavors in Artificial flavors, Environmental Working Group (EWG).
[4] Nielsen, Reaching For Real Ingredients: Avoiding The Artificial, Sept. 6, 2016.
[5] Alex Smolokoff, Natural color and flavor trends in food and beverage, Natural Products Insider, Oct. 11, 2019.
[6] Thea Bourianne, Exploring today's top ingredient trends and how they fit into our health-conscious world, March 26-28, 2018.

from carrots, such that carrots are understood to be its characterizing flavor. *See* 21 C.F.R. § 101.22(i).

15.    Where a product designates its characterizing flavor as "Carrot" without qualifying terms – flavored, with other natural flavors, artificially flavored – consumers get the impression that its carrot taste is contributed only by the characterizing food ingredient of carrots, in the form of an exclusively carrot ingredient, i.e., carrots. *See* 21 C.F.R. § 101.22(i)(1)] (describing a food which contains no simulating artificial flavor and not subject to 21 C.F.R. § 101.22(i)(1)(i)-(iii)).

16.    Whether a food's flavor is derived from a characterizing food ingredient or a highly synthesized and concentrated solution, designed in a laboratory, is material to consumers who expect a label to give them what it says – carrot flavor only from carrot ingredients.

17.    However, the Product does not contain any carrots in a form expected by consumers where the label identifies it as "Carrot Cake."

18.    Instead, the carrot taste of the Product is provided by "Natural and Artificial Flavor," indicated in the small print on the ingredient list.



**INGREDIENTS:** SUGAR, ENRICHED FLOUR (WHEAT FLOUR, MALTED BARLEY FLOUR, NIACIN, FERROUS SULFATE OR REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), WATER, PALM OIL, COCONUT, TOASTED COCONUT, SOYBEAN OIL, CONTAINS 2% OR LESS: CORN, GLYCERIN, NONFAT DRY MILK, DEFATTED SOY FLOUR, HONEY, WHEY, MODIFIED WHEAT STARCH, SODIUM ACID PYROPHOSPHATE, BAKING SODA, EGG YOLK, SODIUM ALUMINUM PHOSPHATE, SALT, CINNAMON, NATURAL AND ARTIFICIAL FLAVOR, PRESERVATIVE (SODIUM PROPIONATE, SORBIC ACID, POTASSIUM SORBATE, NATAMYCIN), DEXTROSE, MONO AND DIGLYCERIDES, DEXTRIN, SOY LECITHIN, CITRIC ACID, ENZYMES, KARAYA GUM, GUAR GUM, COLOR (FRUIT JUICE CONCENTRATE, ANNATTO AND TURMERIC, TITANIUM DIOXIDE), YELLOW 5 LAKE, YELLOW 6 LAKE, BLUE 1

LAKE, CELLULOSE GUM, AGAR.

19.    The Food, Drug, and Cosmetic Act ("FDCA") provides that a food is misbranded if "its labeling is false or misleading in any particular." 21 U.S.C. § 343(a)(1).[7]

20.    The FDA recognizes that product names can be misleading when they suggest one or more, but not all, of the key ingredients, like carrots, yet fail to disclose other more predominant ingredients like natural and artificial flavors:

> The labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling.

21 C.F.R. § 101.18(b).

21.    Contrary to the legal requirements to prevent consumer deception, the Product's name – "Carrot Cake Donettes" – fails to disclose the percentage of the characterizing ingredient of carrots in the Product:

> The common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case.

21 C.F.R. § 102.5(b).

22.    Under 21 C.F.R. § 102.5(b), carrots are the "characterizing ingredient" of the Product because their proportion has a material bearing on price and consumer acceptance of the Product.

23.    Under 21 C.F.R. § 102.5(b), carrots are the "characterizing ingredient" of the Product because the labeling creates an erroneous impression that carrots are present in an amount greater

---

[7] New York State has adopted all federal regulations for food labeling through its Agriculture and Markets Law ("AGM") and accompanying regulations. See Title 1, Official Compilation of Codes, Rules and Regulations of the State of New York ("NYCRR").

than is actually the case.

24.    Because the ingredient list fails to identify "carrots" as an ingredient, it means that *if any* carrots are present, it is as a component of the "natural flavor."

25.    Carrots are considered by consumers to be a food rather than a flavor.

26.    Though the Product may technically contain carrots, this would only be the "essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from" carrots, "whose significant function in food is flavoring rather than nutritional." *See* 21 C.F.R. § 101.22(a)(3) (definition of "natural flavor").

27.    The Product's "natural flavor" may contain substances derived from carrots, but also may contain flavoring substances from other natural source material which simulate a carrot taste.

28.    The representations are misleading because the Product contains artificial flavors which contribute to its carrot taste, as indicated on the ingredient list.

29.    Consumers are misled because they do not expect, nor can they determine, that the Product's carrot taste is provided by artificial flavors.

30.    Consumers cannot tell from the ingredient list that the Product does not contain real carrots, since they are unfamiliar with complicated food labeling regulations that companies are required to follow to prevent deception.

31.    Consumers will not be able to tell from the ingredient list that the artificial flavor in the Product provides a carrot taste, because artificial flavor is only required to be listed on the front label if it affects a food's taste.

32.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

33.   Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

34.   The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

35.   Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

36.   As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $1.99 and $2.99 for packages of 3 and 6 donuts, excluding tax, compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

37.   Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

38.   Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

39.   Plaintiff Donna James is a citizen of New York.

40.   Defendant Hostess Brands, LLC, is a Delaware limited liability company with a principal place of business in Kansas City, Jackson County, Missouri and has at least one member who is a citizen of a state other than New York (Missouri), and therefore is a citizen of Missouri.

41.   "Minimal diversity" exists because plaintiff Donna James and defendant are citizens of different states.

42.   Upon information and belief, sales of the Product in New York exceed $5 million

per year, exclusive of interest and costs.

43.     Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, Plaintiff's decision to purchase the Product and the misleading representations and/or their recognition as such.

44.     This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

Parties

45.     Plaintiff Donna James is a citizen of New York, New York County, New York.

46.     Defendant Hostess Brands, LLC is a Delaware corporation with a principal place of business in Kansas City, Missouri, Jackson County.

47.     During the relevant statutes of limitations, plaintiff purchased the Product within this district and/or State for personal and household consumption and/or use in reliance on the representations the Product contained real carrot ingredients instead of artificial carrot flavor.

48.     Plaintiff  purchased the Product in or around March 2020 at Stop And Stop grocery store, 5716 Broadway, The Bronx, NY 10463.

49.     Plaintiff bought the Product at or exceeding the above-referenced prices because liked the product for its intended use and expected its carrot flavor to come from the ingredient of carrots instead of artificial carrot flavor, because the front label did not disclose this nor was it clarified by the ingredient list.

50.     Plaintiff was deceived by and relied upon the Product's deceptive labeling, including the omission of the legally-required notice that it contained artificial flavors.

51.     Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

52.     The Product was worth less than what Plaintiff paid for it and Class members would

not have paid as much as they have for the Product absent Defendant's false and misleading statements and omissions.

53.    Plaintiff lost money as a result of Defendant's unlawful behavior.

54.    Plaintiff intends to, seeks to, and will purchase the Product again when  can do so with the assurance that Product's label is lawful and consistent with the Product's ingredients.

<u>Class Allegations</u>

55.    The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

56.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

57.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

58.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

59.    Plaintiff is an adequate representatives because  interests do not conflict with other members.

60.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

61.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

62.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

63.    Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

64.     Plaintiff incorporates by reference all preceding paragraphs.

65.     Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

66.     Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

67.     Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

68.     The amount and proportion of the characterizing component, carrots, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-carrot, artificial flavors where a product is labeled "carrot cake [donettes]" without more.

69.     Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

70.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

71.     Plaintiff incorporates by reference all preceding paragraphs.

72.     Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

73.     The amount and proportion of the characterizing component, carrots, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-carrot, artificial flavors where a product is labeled "carrot cake [donettes]" without more.

10

74.   Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

75.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

76.   The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

77.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

78.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

79.   Plaintiff incorporates by reference all preceding paragraphs.

80.   The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

81.   The amount and proportion of the characterizing component, carrots, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-carrot, artificial flavors where a product is labeled "carrot cake [donettes]" without more.

82.   The front label omits that the Product is artificially flavored, in violation of regulations requiring disclosure of this fact to consumers.

83.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

84.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

85.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

86.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

87.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

88.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

89.    Plaintiff incorporates by reference all preceding paragraphs.

90.    The amount and proportion of the characterizing component, carrots, has a material bearing on price and consumer acceptance of the Product and consumers do not expect non-carrot, artificial flavors where a product is labeled "carrot cake [donettes]" without more.

91.    Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

92.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

93.    Plaintiff incorporates by reference all preceding paragraphs.

94.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   August 9, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409

Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-06259
United States District Court
Southern District of New York

Donna James, individually and on behalf of all others similarly situated,

                              Plaintiff,

        - against -

Hostess Brands, LLC,

                              Defendant

## Class Action Complaint

```
          Sheehan & Associates, P.C.
           60 Cuttermill Rd Ste 409
           Great Neck NY 11021-3104
              Tel: (516) 303-0552
              Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  August 9, 2020

                                        /s/ Spencer Sheehan
                                        Spencer Sheehan